R. H. Thayer, Surviving Partner of Thayer Oil Co.,
Appellant, *v.* Joseph Seep.

*Contract—Parol evidence to vary written contract.*

By a written contract defendant agreed to purchase oil from plaintiff at a certain sum per barrel above the market price of National Transit Company Certificate Oil. Plaintiff claimed that the written agreement did not embody the actual terms of the contract between the parties, and that, in addition to the price named in the written contract, defendant was to pay ten cents per barrel for piping the oil. Plaintiff was the only witness who testified in support of this claim. *Held,* that in the absence of another witness in support of plaintiff's claim, or of corroborating circumstances equivalent to the testimony of another witness, plaintiff was not entitled to recover the ten cents per barrel addition for piping.

Argued May 9, 1895. Appeal, No. 292, Jan. T., 1895, by plaintiff, from judgment of C. P. Crawford Co., Sept. T., 1892, No. 120, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Assumpsit to recover the price of oil sold and delivered.

At the trial it appeared that by a written agreement defendant agreed (1) to purchase from the Thayer Oil Company at any time within the period of one year from the date thereof all the merchantable oil run into the custody of the Southwest Pennsylvania Pipe Line, and to pay therefor twenty (20) cents per barrel more than the market price of National Transit Company Certificate Oil at the time when the Thayer Oil Company should elect to sell the same; and (2) to purchase from said Thayer Oil Company from time to time, as said company should elect to sell the same within the period of one year, all of their production from wells and interests in wells then owned or thereafter acquired by them situate in the Washington oil district and known as "Washington County Amber Oil," and to pay therefor eighteen (18) cents per barrel more than the

market price of National Transit Company Certificate Oil at the time of said purchase; and (3) in case the premium upon Washington county oil should, at any time within the period of one year from the date of the agreement, exceed eighteen cents per barrel above the price of National Transit Company Certificate Oil, he would pay the Thayer Oil Company for their oil as high a price as he paid to any third parties for the same kind of oil.

The plaintiff in his statement claimed that by an oral agreement the defendant agreed to pay the Thayer Oil Company, for the oil produced from their properties named in the written agreement, a sum equal to the price of National Transit Company Pipe Line Certificate Oil, to which should be added ten (10) cents a barrel for piping said oil and any additional sum paid as premium on Washington county oil, but that by fraud and mistake the contract as prepared by the defendant did not contain the agreement as made. R. H. Thayer was the only witness who testified for plaintiff upon this subject. He stated that his understanding of the agreement was that the Thayer Oil Company was to receive from Mr. Seep as high a price for the oil to be delivered in the future as should be paid to any other party, and ten cents per barrel in addition thereto, which sum of ten cents per barrel he stated he understood they were to receive as pipage on the future production as a consideration for abandoning their pipe line.

The court charged in part as follows:

" [In order to justify the court or jury in modifying a contract entered into by the parties, and reduced to writing, it is necessary that the party alleging the fraud or mistake should show, by clear, precise and indubitable evidence, that the contract was as alleged by the party seeking to modify it, and until such evidence is offered the party is not permitted to change or contradict his undertaking and obligation in writing.

" In the present case, after examination of the evidence submitted by the plaintiff, it is the duty of the court to say to you that there is no such evidence as would warrant the court in submitting to you the question whether, as claimed by the plaintiff, there was a parol agreement between him and Messrs. Scheide and O'Day, or between him and Messrs. Scheide, O'Day and Seep, or between him and Mr. Seep, by the terms of which

he was to receive for his firm ten cents per barrel pipage, in addition to the price agreed' upon for the oil, including the premium then to be paid.] " [1]

" [ In this case, it does not appear to the court, from a consideration of the evidence, that the testimony of Mr. Thayer is supported by evidence, equivalent to the testimony of another witness, to the fact that the parol bargain which he made in Oil City or Titusville, included a stipulation or agreement that he should have ten cents per barrel pipage on the oil, to be run into the line from the oil wells owned by his firm, during the continuance of the contract made on the 17th of July, 1888. For this reason, a principal part of the plaintiff's case is withdrawn 'from your consideration.] " [2]

Plaintiff's point among others was as follows :

" 4. In the present case, there is evidence to submit to the jury of the agreement between the parties, and of the inducement to the plaintiff to sign the contract, and that the contract, as written, does not express the agreement of the parties as to the ten cents per barrel additional price to be paid on account of the abandoning of the plaintiff's pipe line. If the jury find from the evidence that the witness, O'Day, was acting for and in behalf of the defendant, Joseph Seep, in reference to the negotiations of this contract, and that, in such negotiations, he was afterwards joined by W. T. Scheide, who was also acting for the defendant, Joseph Seep, and that those two conducted all negotiations with the plaintiffs prior and up to the signing of the contract, the defendant, Joseph Seep, is bound by the contract which they made, and the reading over of the contract, before it was executed, by the defendant's attorney, if wrongly drawn, did not relieve the defendant from the oral agreement of his agents, if the plaintiff was'misled into signing. Answer: So much of this point as states that there is evidence to submit to the jury of the agreement of the parties, and of the inducement of the plaintiff to sign the contract, and that the contract, as written, does not express the agreement of the parties as to ten cents per barrel additional price to be paid on account of the abandonment of the plaintiff's pipe line, is denied. In the opinion of the court there is not sufficient evidence to submit to the jury to pass upon that question. The remainder of the point is affirmed. The court, however,

having instructed you that there is not sufficient evidence to submit to you upon the question of the reformation of the contract, the balance of the point does not become material." [3]

Verdict and judgment for plaintiff for $170.87. Plaintiff appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Roger Sherman*, for appellant.—Parol evidence is admissible to establish a contemporaneous parol agreement which induced the written agreement, though it may change the written agreement : Ferguson v. Rafferty, 128 Pa. 337 ; Thomas v. Loose, 114 Pa. 35 ; School Furniture Co. v. School District, 130 Pa. 76 ; Glass Co. v. Storms, 125 Pa. 268 ; Greenawalt v. Kohne, 85 Pa. 369 ; Phillips v. Meily, 106 Pa. 536.   The evidence was conflicting and should have been submitted to the jury : Angier v. Eaton, Cole & Burnham Co., 98 Pa. 594 ; Prowattain v. Tindall, 80 Pa. 295.

*M. F. Elliott*, *Thomas Roddy* with him, for appellee.—A written contract cannot be overthrown by the unsupported testimony of one party, contradicted by the oath of the other : Jackson v. Payne, 114 Pa. 67 ; Jones v. Backus, 114 Pa. 120 ; North v. Williams, 120 Pa. 109 ; Stull v. Thompson, 154 Pa. 43 ; Halberstadt v. Bannan, 149 Pa. 51 ; Hoffman v. Bloomsburg & Sullivan R. R., 157 Pa. 174.

PER CURIAM, May 20, 1895 :

In construing the contract in question, as the same is written, the learned court was clearly right.   The only question is whether the testimony—introduced by plaintiff for the purpose of reforming the instrument so as to make it read as he claims the parties intended,—is of that clear, precise and satisfactory character that is required in such cases.   We think the learned judge was right in holding that it was not, and hence there was no error in withdrawing it from the consideration of the jury and directing them to render a verdict for the plaintiff in accordance with the contract as written.

Judgment affirmed.